AMENDED (to add first footnote)                                                    O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 12-05680 DOC (ANx)                               Date:  July 30, 2013

Title: CHAPMAN UNIVERSITY V. ATLANTIC RICHFIELD CO., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **AMENDED - ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Defendants Stephen D. Massman and Rita J. Pynoos ("Defendants") have filed a Motion to Dismiss (Dkt. 35).  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.

Defendants seek to dismiss causes of action for private nuisance, public nuisance, breach of contract, violation of California Health & Safety Code § 25359.7(a), and declaratory relief.  After considering the moving papers, Opposition, and Reply, the Court GRANTS the Motion to Dismiss in part as to both nuisance claims, and DENIES in part as to the breach of contract, health and safety code, and declaratory relief causes of action.

**I.     Background**

The focus of the First Amended Complaint[1] (Dkt. 5 "FAC"), brought by Plaintiff Chapman University ("Plaintiff"), is that Defendants sold Plaintiff property adjacent to

---

[1] **Plaintiff filed a Second Amended Complaint (Dkt. 81). The Parties stipulated (Dkts. 79-80) that the new complaint does not change the allegations against Defendants Massman and Pynoos. Thus the Court cites to**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-05680-DOC (ANx)                  Date: July 30, 2013
                                                                                    Page 2

the University's campus (the "Property") that was contaminated from prior industrial use. Around 1922, California Wire & Cable Company began operating a wire manufacturing plant at the Property. FAC ¶ 31. In 1930, Anaconda Wire and Cable Company acquired California Wire & Cable Company, including the wire manufacturing plant. *Id.* ¶ 33. Over time, Atlantic Richfield Company ("Richfield") acquired interest in the Property as well. *Id.* ¶ 37. In making wires, the plants used solvents that contained various chemicals. *Id.* ¶ 39. Defendants Pynoos and Massman bought the Property[2] in 1983, and on November 2, 1998, sold the Property to Plaintiff. Request for Judicial Notice Ex. F at 158; *Id.* ¶ 18.

     As outlined in the Purchase Agreement, Defendants claimed that there was no contamination currently on the Property, and that there had not been "spills or disposal of" contaminants on the Property as a result of past activities. *Id.* ¶ 50. Also, Plaintiff alleges that "Defendants provided Chapman with environmental assessments of the property and assurances that Chapman could rely upon these assessments . . . [which] reported that there was no significant contamination at the property." *Id.* ¶ 51.

     Plaintiff intended to develop the Property to build the "Filmmaker's Village," containing a residence hall, commissary building, and parking structure for the Dodge College of Film and Media Arts. *Id.* ¶ 19-20. However, in October 2011 Chapman discovered contamination on the Property. *Id.* ¶ 24. The contamination included the same chemicals used to make wires. *Id.* ¶ 39. Plaintiff concludes that those chemicals leaked into the environment surrounding the facility. *Id.* ¶ 40. Plaintiff further concludes that "Defendants knew or reasonably should have known that the Property was contaminated at the time of the sale in 1998." *Id.* ¶ 54. The cost of investigating and removing the contamination is estimated to exceed $5,000,000. *Id.* ¶ 29. Due to the contamination discovered on the Property, Plaintiff was forced to terminate plans for the Filmmaker's Village. *Id.* ¶ 23.

---

the First Amended Complaint in this Order to keep the same citations as in the moving papers, but its rulings apply to the Second Amended Complaint.
[2] The Complaint does not provide much detail about ownership changes before the sale to Chapman.. For example, the Complaint does not mention that Defendants Pynoos and Massman bought the Property in 1983—that detail is in a grant deed, Request for Judicial Notice Ex. F at 158. Richfield had an interest in the Property until at least 1985, FAC ¶ 37; it is not clear how Ritchfield's interest overlapped with Pynoos and Massman owning the Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-05680-DOC (ANx)            Date: July 30, 2013
                                                                                                                                   Page 3

On October 24, 2012, Plaintiff filed a Complaint alleging fourteen causes of action against Richfield, Massman, Pynoos, and Does 1-10. The causes of action against Defendants Massman and Pynoos include, (1) Private Nuisance, (2) Public Nuisance, (3) Breach of Contract, (4) Violation of California Health & Safety Code § 25359.7(a), and (5) Declaratory Relief. Defendants move the Court to dismiss all five causes of action.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-05680-DOC (ANx)　　　　　　　　　　　　　Date: July 30, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

　　　Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III.　Discussion

　　　Defendants' Motion to Dismiss rests largely on the argument that Plaintiff knew of the contamination on the Property prior to closing. In support of this argument, Defendants filed a Request for Judicial Notice (Dkt. 38), asking the Court to take judicial notice of six documents:
- July 6, 1998 Phase 1 Report ("Phase 1 Report");
- September 16, 1998 Subsurface Investigation Report ("Phase 2 Report");
- September 27, 1998 Additional Subsurface Investigation Report ("Supplemental Phase 2 Report");
- December 30, 1983 Grant Deed;
- November 3, 1998 Grant Deed;
- January 2005 California Environmental Protection Agency Guidance, "Use of California Human Health Screening Levels in Evaluation of Contaminated Properties."[3]

---

[3] *See* Request for Judicial Notice ("RJN") at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-05680-DOC (ANx)            Date: July 30, 2013
                                                          Page 5

Defendants attempt to use the Phase 1 and Phase 2 Reports to show that Chapman knew at the time of closing that the Property was contaminated, and thus Chapman waived any claim based on that contamination. A related argument is that the Reports put Chapman on notice to investigate any contamination, and thus any claims are barred by a statute of limitations. Defendants use the January 2005 California Environmental Protection Agency Guidance as another version of its statute of limitations argument.
//
//

### A.     Request for Judicial Notice

Documents not included within the complaint may still be considered where "the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim," *U.S.* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added), and "the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Although a Court may take judicial notice of the foundational documents and their facts, the Court is not permitted to take notice concerning "one party's opinion" as to how the recognized documents and their facts should be interpreted. *San Luis Unit Food Producers v. United States*, 772 F. Supp. 2d 1210, 1216 n. 1 (E.D. Cal. 2011). Furthermore, "[i]f there are two alternative explanations [of a particular set of pled facts], one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (finding that where "the factual allegations in [Plaintiff's] complaint plausibly suggest[s]" the wrongful conduct asserted, the Complaint should not be dismissed).

Here, Defendants attempt to convince the Court to accept their particular interpretation of the environmental reports. Defendants argue that the only interpretation that can reasonably be made from the Reports demonstrates that Defendants provided legally sufficient notice concerning the Property's contamination, prior to the Property closing. Defendants claim that "[a]t the time it purchased the property, Chapman was already aware, given the contents of the Phase 2 Report, of the presence of some contamination at the Property." Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("MPA") at 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-05680-DOC (ANx)                          Date: July 30, 2013
                                                                                                              Page 6

       These reports do not compel a conclusion that Plaintiff was on notice of contamination. The Phase 2 Report identifies as its purpose "to determine the likelihood that the soils underlying the property have been impacted through previous site use." RJN Ex. C at 118. The environmental consulting firm, ATC, concluded in the Report that

> "[t]here were no significant concentrations of VOCs [volatile organic compounds] found in any of the tested soil gas samples except for SV-21. Subsequent testing of soil samples at that location and others with minimal positive laboratory results did not detect concentrations of VOCs in the soil . . . . Based upon the general absence of problematic soil gas concentrations and other tested constituents, it is ATC's opinion that there were no excessive concentrations of any of the tested constituents that would indicate significant subsurface contamination at the site. No further work is recommended at this time."

*Id.* at 120. Despite this conclusion, made by the professionals trained to interpret the contamination tests, Defendants now claim that the Report clearly demonstrated that VOCs were present, and that a reasonable Plaintiff would have discovered the extent of the contamination. Even if this Court were to take judicial notice of the environmental reports, based on the limited information the Court could consider at the 12(b)(6) stage—the Complaint and *facts* properly subject to judicial notice—the Court does not find the Defendants' interpretation of the Reports to be self-evident as a matter of law.

       Defendants also ask the Court to adopt their interpretation of the January 2005 California Environmental Protection Agency Guidance, "Use of California Human Health Screening Levels in Evaluation of Contaminated Properties." They claim this report provided inquiry notice to Plaintiff about the Property's contamination, particularly since the earlier environmental reports also mentioned contamination. Thus, the statute of limitations began running, and Plaintiff would now be barred from pursuing its claim. However, this report does not offer the clarity that Defendants assert. Although it is possible that these reports were known to the Plaintiff, and that they were able to adequately interpret them, the simple fact that they exist does not demonstrate this conclusion to be so. *See O'Connor v. Boeing B. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002) (finding that newspaper reports discussing the contamination on the Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-05680-DOC (ANx)                        Date: July 30, 2013
                                                                                                          Page 7

property did not necessarily "impute knowledge of them to Plaintiffs"). Therefore, regardless of the merits pertaining to judicial notice of the Reports and their contents themselves, the Court cannot take judicial notice of the Defendants' disputed opinion as to how the documents should be interpreted. *See San Luis Unit Food Producers v. United States*, 772 F. Supp. 2d at 1216 n. 1; *see also Starr v. Baca*, 652 F.3d at 1216.

### B.     Public and Private Nuisance

As Plaintiff notes, "[a] landowner who knew or should have known of the contamination at its property is liable for maintaining a nuisance." Opp'n at 13 (citing *Redevelopment Agency of the City of Stockton v. BNSF Railway Company, et al.*, 643 F.3d 668, 675-76 (9th Cir. 2011)). In addition, a defendant cannot be liable for a nuisance he inherited unless he had been asked to remove the nuisance. *Edwards v. Atchison, T. & S.F.R. Co.*, 15 F.2d 37, 37 (9th Cir. 1926).

In this case, Plaintiff does properly allege that it requested the Property to be free from contamination. FAC ¶ 50. However, Plaintiff fails to provide an adequate factual foundation to demonstrate that Defendants had been given notice of any of the contamination. Merely stating "[o]n information and belief, Seller Defendants knew or reasonably should have known that the Property was contaminated at the time of the sale in 1998" does not provide the necessary factual background required to adequately state a claim for relief. FAC ¶ 54. *See Starr v. Baca*, 652 F.3d at 1216 (holding that "a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the party to defend itself effectively"). The only potential evidence of contamination that the Complaint alleges the Defendants were aware of here, prior to the sale of the property, were the 1998 Reports, which the Plaintiff claims were "reasonably interpreted . . . to mean that there was no significant contamination at the Property." Opp'n at 6. Based on the lack of factual material currently provided by the Plaintiff to support plausible causes of action for either public or private nuisance, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's causes of action for public and private nuisance, and dismisses those claims with leave to amend.

### C.     Breach of Contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-05680-DOC (ANx)                        Date: July 30, 2013
                                                                                                   Page 8

---

The statute of limitations for filing a breach of contract claim is four years in the state of California. Cal. Civ. Proc. Code § 337 (West 2012). However, "[u]nder both federal and California law, the discovery rule provides that a limitations period does not commence until a plaintiff discovers, or reasonably could have discovered, his claim." *O'Connor v. Boeing North American, Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002). In determining whether a plaintiff reasonably could have discovered the source of their claim, a court must determine if (1) the plaintiff reasonably should have been on inquiry notice as to their injury, and (2) if so, would an inquiry "have disclosed the nature and cause of plaintiff's injury so as to put him on notice of his claim." *Id.* at 1150 (internal citations and quotation marks omitted). In *O'Connor*, since there were "material issues of fact" concerning when the Plaintiff should have reasonably become aware as to how the "Defendants' contamination caused their injuries," the court found that "the application of the discovery rule" was a question of fact which should be determined by the jury (not by the court at summary judgment). *Id.* at 1156-57.

However, regardless of compliance with the statute of limitations, when a party accepts the deed to a property, "with full knowledge that it did not conform to the description contained in the contract," the party waives any claim of right arising from such deficiency in the property. *Cavalieri v. Hess* 205 Cal. 703, 706 (1928).

Defendants argue that Plaintiff's cause of action for breach of contract is (1) barred by the statute of limitations, and (2) even if it were not, Plaintiff waived any potential claim for breach of contract because it purchased the Property with the knowledge that it was contaminated. Defendants base both contentions on the environmental reports, which Defendants believe demonstrate unequivocally that Plaintiff was either put on actual notice of the Property's contamination, or at least inquiry notice that they should continue to investigate the extent of contamination on the Property. As discussed above, the reports are reasonably subject to differing interpretations. Thus, it cannot be determined as a matter of law at this stage in the proceedings that Plaintiffs had actual notice of the contamination.

Furthermore, it cannot be determined as a matter of law that Plaintiffs had inquiry notice as to the contamination on the Property. The Phase 2 Report made it clear "there were no excessive concentrations of any of the tested constituents that would indicate significant subsurface contamination at the site." RJN Ex. C at 120. The raw data from the Reports, for the purposes of this Motion to Dismiss, are subject to reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-05680-DOC (ANx)                              Date: July 30, 2013
                                                                                                                   Page 9

---

differing interpretations. Thus, the data alone do not defeat Plaintiff's claim for breach of contract because it is plausible that the Reports would not have put Plaintiff on notice about the contamination. As in *O'Connor*, there are material issues of fact about whether the Plaintiff should have discovered contamination earlier. *O'Connor v. Boeing North American, Inc.*, 311 F.3d at 1156-57. Since the Plaintiff was plausibly unaware of the existence of contamination, and plausibly could not reasonably be expected to have discovered the contamination through due diligence, Plaintiff is neither barred from advancing its claims due to the statute of limitations, nor has it waived any potential claim of right under a breach of contract at this time. Therefore, the Court DENIES the Motion to Dismiss Plaintiffs' cause of action for breach of contract claim on the basis that the claim is time-barred or waived.

### D.     Violation of California Health & Safety Code § 25359.7(a)

California Health & Safety Code § 25359.7(a) states that "[a]ny owner of nonresidential real property who knows, or has reasonable cause to believe, that any release of hazardous substance has come to be located on or beneath that real property shall, prior to the sale . . . give written notice of that condition to the buyer." Cal. Health & Safety Code § 25359.7(a) (West 2012). Here, Defendants allege that notice of the contamination was sufficiently provided to the Plaintiffs by the environmental reports. Therefore, Defendants conclude that (1) the statute had not been violated, and (2) even if it were, the statute of limitations had run, and thus the Plaintiff's claim is time-barred. As stated above, the Court disagrees that such conclusions are compelled by any potential judicially noticed facts in this case. It does appear plausible, based on the Reports' conclusions and recommendations, that Plaintiff did not have actual or inquiry notice as to the contamination on the property at the time of closing. Without knowledge of the contamination until 2011, the discovery rule would have tolled the statute of limitations, and thus Plaintiff's cause of action would not be time-barred. Therefore, the Court DENIES Defendants' Motion to Dismiss Plaintiff's cause of action for violation of California Health & Safety Code § 25359.7(a).

### E.     Declaratory Relief

Plaintiff's cause of action for declaratory relief survives Defendants' Motion, because it is derivative of other claims, and Plaintiff's causes of action for breach of contract and the violation of California Health & Safety Code § 25359.7(a) have survived

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 12-05680-DOC (ANx)                                      Date: July 30, 2013
                                                                    Page 10

Defendants' Motion to Dismiss. Therefore, the Court DENIES Defendants' Motion to Dismiss Plaintiff's cause of action for declaratory relief.

### IV.   Disposition

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's fourth and fifth causes of action for (1) public nuisance and (2) private nuisance, with leave to amend. However, the Court DENIES Defendants' Motion to Dismiss Plaintiff's twelfth, thirteenth, and fourteenth causes of action for (1) breach of contract, (2) failure to provide written notice of hazardous substance on property in violation of California Health & Safety Code § 25359.7(a), and (3) declaratory relief.

Plaintiff shall file any amended complaint on or by August 12, 2013.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                        Initials of Deputy Clerk: jcb